Filed 10/30/15  In re C.C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re C.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.C.,<br><br>        Defendant and Appellant. | A143161<br><br>(Solano County<br>Super. Ct. No. J41079) |

C.C. appeals from a dispositional order in this proceeding under Welfare and Institutions Code section 602.  She contends (1) the juvenile court erred by including prior noncustodial offenses in her maximum term of confinement; (2) the court imposed an unauthorized disposition when it failed to calculate custody credits and apply excess credits to restitution fines; (3) probation conditions requiring her to "maintain acceptable grades, behavior and attendance" and "[a]bstain from the use of alcohol/drugs (including marijuana)" are vague and overbroad; and (4) some of the juvenile court's findings and orders, and the clerk's disposition reports, should be amended to correct clerical errors.

We conclude that the probation conditions should be modified as set forth herein. As so modified, the dispositional order shall be affirmed.

1

## I. FACTS AND PROCEDURAL HISTORY

### A. First Wardship Petition

An original wardship petition (Welf. & Inst. Code, § 602) filed on September 9, 2011, alleged that appellant, then 14 years old, committed misdemeanor battery on school property in violation of Penal Code section 243.2, subdivision (a). After the petition was amended to add a second count for misdemeanor battery in violation of Penal Code section 242, appellant admitted that count and the first count was dismissed. At a dispositional hearing on October 18, 2011, the juvenile court placed appellant on six months' informal probation without wardship (Welf. & Inst. Code, § 725, subd. (a)) on specified terms and conditions, including, as part of condition number 1, that she "maintain acceptable grades, behavior and attendance" (condition 1) and, as part of condition number 11, that she "[a]bstain from the use of alcohol/drugs (including marijuana)" (condition 11). The record does not show an objection to these probation conditions. The court specified a maximum term of confinement of six months and calculated custody credits at 41 days.

The wardship petition was amended on March 5, 2012, to add allegations that appellant committed petty theft (Pen. Code, § 484, subd. (a)) and battery (Pen. Code, § 242). On April 16, 2012, appellant admitted the battery allegation, and the petty theft allegation was dismissed. At a dispositional hearing on May 29, 2012, appellant was adjudged a ward of the court and placed in her mother's custody on formal home probation, on terms and conditions including condition 1 and condition 11. The court specified a maximum term of confinement of eight months and calculated the custody credits to be 41 days.

On August 22, 2012, it was alleged that appellant violated her probation by failing to abide by court orders, failing to abide by her mother's directives, failing to attend school, and failing to abide by a no-contact order. (Welf. & Inst. Code, § 777.) On September 14, 2012, appellant admitted violating her probation by violating her curfew, in exchange for a dismissal of the remaining allegations. On September 18, 2012, the court released appellant to her mother's care and reinstated formal home probation on

2

terms and conditions including conditions 1 and 11.  The court specified a maximum term of confinement of eight months and calculated custody credits at 60 days.

### B.  Second Wardship Petition

A second wardship petition, filed on November 15, 2012, alleged that appellant committed misdemeanor second degree commercial burglary (Pen. Code, § 459).  Appellant admitted the allegation.  The court continued her as a ward, removed her from the custody of her mother, and committed her to the custody and care of the probation department for out-of-home placement.  The court then stayed this placement order and returned appellant to home probation.  The court specified a maximum term of confinement of one year four months, with custody credits of 84 days.

On April 30, 2013, appellant admitted violating probation by failing to abide by a court-ordered curfew.  The court continued wardship and reinstated appellant on home probation in her mother's custody.

On September 16, 2013, appellant admitted violating probation by failing to attend school.  The court removed her from the custody of her mother, committed her to juvenile hall pending placement at New Foundations, specified a maximum term of confinement of one year four months, and calculated custody credits of 154 days.

On August 19, 2014, appellant, then 17 years old, admitted violating her probation by failing to attend school.  The matter was continued to September 3, and then to September 9, 2014, for disposition.

At a contested dispositional hearing on September 9, 2014, the court committed appellant to juvenile hall pending placement at New Foundations, specified a maximum term of confinement of one year four months, and awarded custody credits of 308 days.  The court also imposed probation conditions including conditions 1 and 11:  requiring her to "maintain acceptable grades, behavior and attendance" and to "[a]bstain from the use of alcohol/drugs (including marijuana)."  Appellant was placed at New Foundations on September 17, 2014.

On September 30, 2014, appellant filed a notice of appeal from the "September 9, 2014 Contested Disposition Hearing."

C. Post-Appeal Orders

After appellant filed her appeal, further proceedings in the juvenile court resulted in an order reducing the maximum term of confinement.

In November 2014, appellant filed a petition to reclassify her burglary violation (Pen. Code, § 459) as a shoplifting violation (Pen. Code, § 459.5) and recalculate her maximum term of confinement accordingly, pursuant to the passage of Proposition 47.[1] (See Pen. Code, § 1170.18.) Appellant also argued for her immediate release on the ground that her custody credits exceeded the recalculated maximum term of confinement. The People opposed the petition, arguing essentially that Proposition 47 does not apply to juveniles.

After hearings on November 24 and December 3, 2014, the court granted appellant's petition and found that appellant's "maximum term of confinement under the 459 misdemeanor is six months." The court indicated that placement in New Foundations would be terminated and appellant would be returned to her mother, but issued a general placement order placing appellant in the custody of the probation department for later placement in a group or foster home. The court further specified that all previous orders not in conflict with the present order would remain in effect.

---

[1]    As enacted by Proposition 47, effective November 5, 2014, subdivision (b) of Penal Code section 459.5 provides: "Any act of shoplifting as defined in [Penal Code section 459.5,] subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." As further enacted by Proposition 47, Penal Code section 1170.18 permits the reclassification of specified felony drug and theft convictions to misdemeanors, with a corresponding resentencing of the defendant, if the defendant would have been guilty of the misdemeanor rather than the felony at the time of the offense. The court has discretion to refuse to resentence the defendant, however, if the new sentence would result in an unreasonable risk of danger to public safety. (Pen. Code, § 1170.18, subd. (b).)

4

On December 11, 2014, the probation department submitted a "Memo to Court" stating, among other things, that the maximum term of confinement should be ten months instead of six months.

On December 17, 2014, the court indicated "nunc pro tunc" that appellant's maximum term of confinement was ten months.[2]

## II. DISCUSSION

We begin by addressing respondent's contention that this matter should be remanded to the juvenile court because the court lacked jurisdiction to issue the order of *December 3*, 2014. We then address appellant's contentions in turn.

### A. Validity of December 2014 Order Issued During Pendency of Appeal

Respondent contends the notice of appeal that appellant filed on September 30, 2014, divested the juvenile court of subject matter jurisdiction, and that the December 3, 2014, order is therefore invalid. (Citing *People v. Malveaux* (1996) 50 Cal.App.4th 1425, 1434 [trial court loses jurisdiction to vacate its own judgment once a notice of appeal is filed, except to vacate a void judgment]; *People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472 (*Alanis*) [action by trial court while appeal is pending is null and void].) As a result, respondent urges, this matter should be remanded for a new dispositional hearing.

Respondent's analysis is incorrect. The only order before us, by virtue of the notice of appeal, is the dispositional order of September 9, 2014 (September Order), and there is no question that the juvenile court had jurisdiction to issue that order. The order of December 3, 2014, is irrelevant except to the extent it vacated or rendered moot the September Order.

Contrary to respondent's characterization, the order of December 3, 2014, did not "vacate" the September Order. It changed the misdemeanor burglary to misdemeanor shoplifting, recalculated the maximum term of confinement accordingly, and recognized

---

[2]     On January 6, 2015, we granted appellant's request to augment the appellate record with records of the November and December 2014 proceedings.

that placement in New Foundations was no longer appropriate, but it expressly continued in effect the September Order in all other respects.

As to mootness, if the juvenile court lacked jurisdiction to issue the order of December 3, 2014, the September Order would still be in effect, a challenge to the September Order has not become moot, and we may proceed with the appeal. On the other hand, if the juvenile court *did* have jurisdiction to issue the order of December 3, 2014, a challenge to the September Order would potentially be moot to the extent of the rulings of December 3, 2014. (*In re Katherine R.* (1970) 6 Cal.App.3d 354, 356 [declining to find "a jurisdictional analogy . . . between an appeal from a wardship adjudication and a stay of proceedings pending a criminal appeal," but finding that the order issued during the pendency of the appeal rendered the appeal moot].)

Whether the juvenile court had jurisdiction to issue the order of December 3, 2014, turns on whether it was correcting an unauthorized disposition (sentence) in the September Order. A trial court retains jurisdiction, even during the pendency of an appeal, to correct an unauthorized sentence. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044; *People v. Nelms* (2008) 165 Cal.App.4th 1465, 1471.) "A sentence is said to be unauthorized if it cannot 'lawfully be imposed under any circumstance in the particular case.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 (*Sheena K.*).)

Here, the September Order did not set forth an unauthorized disposition. At the time of the September Order, the juvenile court had subject matter jurisdiction, and the disposition was permissible under the law at that time. Despite the subsequent passage of Proposition 47 and the resulting language in Penal Code section 459.5 that a shoplifting offense could no longer be charged as a burglary, it remained within the court's *discretion* to determine whether a defendant already convicted of the burglary should *not* be resentenced due to an unreasonable risk of danger to public safety. (Pen. Code, § 1170.18, subd. (b).) In fact, appellant tendered the issue of dangerousness to the juvenile court when she requested a change to the disposition in the September Order. In this light, even if Proposition 47 applies to juveniles (an issue we do not decide), the disposition set forth in the September Order is not one that "cannot lawfully be imposed

6

under any circumstance in the particular case," and accordingly the September Order does not set forth an unauthorized disposition. (*Sheena K.*, *supra*, 40 Cal.4th at p. 887; see *Alanis*, *supra*, 158 Cal.App.4th at p. 1473 [judgment is void rather than voidable only if the trial court lacked subject matter jurisdiction].)

Assuming the September Order did not contain an unauthorized disposition, the juvenile court would not have had jurisdiction during the pendency of the appeal in December 2014 to change the disposition in the September Order. Indeed, other courts have held, in the context of adult offenders, that resentencing pursuant to Proposition 47 or similar procedures is unavailable during the pendency of an appeal. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 926 [trial court lacks jurisdiction to resentence under Pen. Code, § 1170.18 during pendency of appeal]; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 177 [resentencing under Pen. Code, § 1170.126 (Proposition 36) cannot be utilized while a case is on appeal].)

Appellant urges that the rule should be different for juvenile offenders, since the juvenile court maintains ongoing jurisdiction over a juvenile ward. (See *Katherine R., supra*, 6 Cal.App.3d at p. 356.) We need not reach this issue, however, because even if the juvenile court in this case *did* have jurisdiction to issue the December 2014 order, the mootness doctrine would not preclude this court from deciding certain issues arising from the September Order, due to the likelihood those issues will recur in this proceeding. (See *Grier v. Alameda-Contra Costa Transit Dist.* (1976) 55 Cal.App.3d 325, 330.)

Accordingly, we turn to appellant's substantive arguments.

B. Inclusion of Prior Noncustodial Offenses in Maximum Term of Confinement

Subdivision (d) of Welfare and Institutions Code section 726 requires the juvenile court to "specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed on an adult convicted of the offense." A court has discretion to aggregate the period of physical confinement time on multiple petitions in computing the maximum term. (Welf. & Inst. Code, § 726, subd. (d).) When aggregating previously sustained petitions, the maximum

7

term is calculated by taking the upper term for the principal offense and adding one-third the middle term for felonies and one-third the full term for misdemeanors. (*In re Eric J.* (1979) 25 Cal.3d 522, 537-538; see Pen. Code, § 1170.1.)

### 1. Facts

In the September Order from which appellant appeals, the court specified a maximum term of one year four months. This was ostensibly calculated by using the maximum term of one year for misdemeanor burglary (Pen. Code, § 461, subd. (b)) as the base term, and adding two months each (one-third of six months) for the battery offenses sustained in the first wardship petition and in the first amended wardship petition.

On December 3, 2014, the court purported to reclassify the burglary finding as the newly enacted shoplifting offense and specified a six-month maximum term; on December 17, 2014, the court issued a nunc pro tunc order specifying a ten-month maximum term, apparently based on a six-month term for shoplifting and two months for each battery. Thus, although the December 17 ruling purported to change the maximum term of confinement specified in the September Order, it continued the *methodology* of adding the battery terms to the principal term, which is the essence of appellant's current challenge.

### 2. Analysis

As set forth in the September Order, the upper term for the principal offense of misdemeanor burglary is one year. (Pen. Code, § 461, subd. (b).) One-third the upper (full) term for misdemeanor battery is two months. (Pen. Code, § 243, subd. (a).) In total, the one-year term for burglary and the two-month term for each of two sustained batteries yielded a maximum term of confinement of one year four months. The court's calculation in the September Order, based on the facts and law at the time, was correct.

Similarly, although the December 2014 orders are not before us, we provide the following guidance to assist the parties and court after remand. If appellant's burglary finding is reclassified to shoplifting and a new disposition is imposed, the principal term would become shoplifting, which carries an upper term of six months. (Pen. Code, § 19.)

8

The six-month term for shoplifting and the two-month term for each of the two sustained batteries would yield a maximum term of confinement of ten months. Defense counsel, the probation department, and the trial court all calculated appellant's maximum term of confinement as ten months, and they were right.

Appellant nonetheless argues that the court can include in the maximum confinement time only terms for which the juvenile was removed from her mother's custody. (See *In re Matthew A.* (2008) 165 Cal.App.4th 537, 541 [no maximum confinement term should be stated when the minor was not removed from mother's custody].) She urges that the burglary offense (or shoplifting, as it may now be classified) is the only offense for which she was removed from parental custody. Therefore, appellant insists, the terms for the two battery findings should not be included.

Appellant is mistaken. Whether appellant was removed from her mother's custody when the batteries were first admitted is not the point. The point is that, when she *was* removed from her mother's custody, the allegations of the batteries, as well as the burglary (shoplifting), had been sustained. Appellant fails to establish error.[3]

C. Custody Credits and Application of Excess Credits to Restitution Fines

Appellant contends the court imposed an unauthorized disposition when it failed to calculate custody credits and failed to apply excess credits to her restitution fines.

1. Custody Credits

A "minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing." (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067; see Pen. Code, § 2900.5, subd. (a).) Placement in juvenile hall constitutes custodial confinement. (Welf. & Inst. Code, § 726, subd. (d)(5).) "It is the

---

[3]    Appellant further argues that the maximum terms in the dispositional orders dated October 18, 2011, May 29, 2012, and September 18, 2012, should be stricken as unauthorized; the time attributed to the battery petitions in the dispositional orders dated December 11, 2012, September 30, 2013, September 9, 2014, and December 17, 2014, should be deleted; and appellant's maximum term of confinement should be corrected to six months. She establishes no basis for doing so.

juvenile court's duty to calculate the number of days earned . . . ." (*In re Emilio C.*, *supra*, 116 Cal.App.4th at p. 1067; see Pen. Code, § 2900.5, subd. (d).)

The September Order stated appellant had accrued 308 days of credits. Appellant does not demonstrate error in this calculation.

Instead, appellant asserts that the order of December 3, 2014, did not specify custody credits. In addition, appellant argues, she is entitled to credit for the days between December 3, 2014, and her release from juvenile hall. (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256.) Because the record does not indicate the date of her release and her total credits cannot be determined, appellant urges, the matter should be remanded to the juvenile court.

Appellant fails to state any entitlement to relief from this court. The December 3, 2014, order is not before us. Furthermore, appellant does not establish that she raised this issue in the juvenile court, and it is the juvenile court that should calculate credits in the first instance. (Pen. Code, § 1237.1.)

### 2. Credit Against Fines for Excess Time in Custody

Appellant argues that she has excess custody credits because, in her estimation, her maximum term of confinement should be six months and her credits should total at least 383 days. She maintains that the excess custody credits should be applied against her restitution fines, imposed under Welfare and Institutions Code section 730.6 in the amounts of $50 on May 29, 2012, and $50 on December 11, 2012.

An adult is entitled to use excess custody credits to reduce fines. (Pen. Code, § 2900.5, subd. (a); see generally *People v. McGarry* (2002) 96 Cal.App.4th 644, 646 [discussing how to allocate the monetary credit among fines].) Appellant argues that the same procedure should apply to minors. Alternatively, appellant claims, she is entitled to monetary credit against her fines based on her right to substantive due process and as a matter of equal protection.

Appellant does not demonstrate that she raised this issue in the juvenile court in connection with the September Order. There is, therefore, nothing for this court to

10

review.  Moreover, as discussed *ante*, appellant's methodology for calculating her maximum term of confinement is incorrect, and her analysis requires a determination of the proper number of custody credits, which should be addressed first by the juvenile court.

### D.  Probation Conditions

In its September Order, the juvenile court imposed probation conditions requiring appellant to "[a]ttend school regularly and maintain acceptable grades, behavior and attendance" and "[a]bstain from the use of alcohol/drugs (including marijuana)." Appellant contends the conditions must be modified because they are vague and overbroad.

#### 1.  Waiver/Forfeiture

Respondent posits that appellant forfeited any challenge to these probation conditions because she did not object when the juvenile court imposed the conditions at numerous dispositional hearings between October 18, 2011, and September 9, 2014. (Citing *People v. Welch* (1993) 5 Cal.4th 228, 230; *People v. Kendrick* (2014) 226 Cal.App.4th 769, 777-778.)

We disagree.  The order from which appellant appeals is the September Order. Although no objection was made to these conditions at the time, an appellant may challenge probation conditions as unconstitutionally vague and overbroad on their face— which presents a pure question of law—despite the absence of an objection in the trial court.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.)  And, contrary to respondent's argument, this is not a case where the court merely continued in effect a prior imposition of the probation conditions.  (See *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1139 [order continuing in effect all prior orders did not revive the right to appeal a prior order that had become final].)  Here, the challenged conditions were *reimposed* by the

September Order, a circumstance distinguished by the court in *In re Shaun R.* (*Id*. at pp. 1139-1140.)[4]

### 2. Law

Welfare and Institutions Code section 730, subdivision (b) authorizes the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." " 'Although minors possess constitutional rights [citation], "[i]t is equally well established . . . that the liberty interest of a minor is not coextensive with that of an adult. '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults." ' " [Citations.] . . . [¶] . . . [T]he court . . . acts in *parens patriae*.' [Citations.]" (*In re Byron B*. (2004) 119 Cal.App.4th 1013, 1016-1018.)

Nevertheless, juvenile probationers may object to probation conditions that are impermissibly vague or overbroad. "Under the void for vagueness doctrine, based on the due process concept of fair warning, an order 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' [Citation.] . . . [¶] In addition, the overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." (*In re Victor L*. (2010) 182 Cal.App.4th 902, 910.)

### 3. Condition Requiring Acceptable Grades, Behavior and Attendance

Appellant maintains that the word "acceptable" makes the probation condition requiring her to "[a]ttend school regularly and maintain acceptable grades, behavior, and attendance" unconstitutionally vague. (See *In re Angel J*. (1992) 9 Cal.App.4th 1096, 1102 & fn. 7 [to resolve the constitutional issue, the term "satisfactory grades" was deemed to mean "passing grades in each graded subject"; a "passing grade" is in turn

---

4      The order of December 3, 2014, implicitly continued these probation conditions. Therefore, even if the December 3 order were valid, it did not vacate or render moot this aspect of the September Order.

defined as "not failing, such as D or above in an A through F grading system"].) Further, she argues, the condition is overbroad because it effectively delegates discretion to the probation officer to determine what is "acceptable." (*People v. Leon* (2010) 181 Cal.App.4th 943, 952-954 [condition prohibiting the defendant from attending court proceedings without the permission of his probation officer was overbroad because it lacked a standard for granting or withholding approval].)

Appellant therefore proposes that the probation condition be modified so that it requires her to "[a]ttend school regularly, maintain *passing* grades *(meaning D or above in an A through F grading system)*, *and comply with school rules concerning behavior*." (Italics added to show appellant's proposed changes.)

Respondent does not oppose appellant's suggestion to substitute "passing" for "acceptable," add "comply with school rules regarding behavior," and delete "and attendance." However, respondent does not agree that the condition should be modified to add "(meaning D or above in an A through F grading system)." Respondent argues that this wording is superfluous and confusing, and that "[w]hether a school uses letter or numerical grades, or a pass/fail system, students know when they are failing a class, i.e., not getting 'passing grades.' "

Even if some of the language proposed by appellant is superfluous (or redundant) as respondent suggests, respondent does not establish resulting prejudice. To the extent the proposed language is confusing in that it does not define "passing grades" in the absence of a letter grade system, we will eliminate the confusion by using the definition of "passing grades" set forth in *In re Angel J., supra*, 9 Cal.App.4th at p. 1102 & fn. 7 ["*not failing, such as* D or above in an A through F grading system," italics added].)

Accordingly, based on the record and arguments in this particular case, the relevant third sentence in probation condition 1 in the September Order shall be modified to read, "Attend school regularly, maintain passing grades (meaning not failing, such as D or above in an A through F grading system), and comply with school rules concerning behavior."

4. Alcohol and Drugs Condition

Appellant contends the probation condition requiring her to "[a]bstain from the use of alcohol/drugs (including marijuana)" is vague because the word "drugs" lacks sufficient specificity for appellant to discern what is prohibited. She also contends it is overbroad because it prohibits her from taking medications that are prescribed by a physician and over-the-counter medications. Further, she argues, the absence of a knowledge element renders the condition vague and overbroad, because it is possible for a probationer to unknowingly eat a liqueur-filled chocolate or a baked good that has been laced with marijuana or drink a beverage that has been spiked with alcohol. (Citing *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 582, 593.)

Appellant therefore contends the condition should be modified to state, "Do not knowingly consume any alcoholic beverages or illegal drugs."

Respondent does not object to the addition of the word "knowingly," but does object to inserting the word "illegal" so that the condition would apply to "illegal drugs." Respondent maintains that the clear intent of the condition, as apparent from the form language in the order, is to forbid appellant's use of marijuana, even if marijuana might be characterized as "quasi-legal."

Based on the record and arguments in this particular case, the first sentence of probation condition 11 in the September Order shall be modified to read, "Do not knowingly consume any alcoholic beverages, illegal drugs, or marijuana."

E. Clerical Errors in Findings, Orders and Disposition Reports

Appellant contends that some of the court's written findings and orders, and some aspects of the clerk's form dispositional reports, contain clerical errors and oversights: (1) the disposition reports describe the misdemeanor second degree burglary offense and certain probation violations as felonies; (2) the court's reclassification of the second degree burglary finding to a shoplifting finding was not reflected in the written minutes; (3) the court clerk's form "JUS 8716 Juvenile Detention Disposition Report" dated June 14, 2012, indicates that appellant admitted committing petty theft and the allegation was

14

sustained as a misdemeanor; and (4) the minute order for the proceedings on December 3, 2014, provides that the "court reserves jurisdiction re: confinement time."

Although this court has inherent power to correct certain clerical errors appearing in an order that is the proper subject of appeal (or order modification of other documents in the record based on errors found in such an order), the purported clerical orders raised by appellant are not associated with any error in the September Order and should be presented first to the juvenile court.

### III.  DISPOSITION

The dispositional order of September 9, 2014, is modified as follows:  the third sentence in probation condition 1 is modified to read, "Attend school regularly, maintain passing grades (meaning not failing, such as D or above in an A through F grading system), and comply with school rules concerning behavior"; and the first sentence in probation condition 11 is modified to read, "Do not knowingly consume any alcoholic beverages, illegal drugs, or marijuana."  As so modified, the order is affirmed.

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
SIMONS, J.

15